IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00838-BNB

D. MARTIN, #61336,[1]

      Applicant,

v.

R. LYNN, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

      Applicant, D. Martin, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Mr. Martin has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He is challenging his classification as a sex offender by the Department of Corrections in October 2000 and the taking of earned time credit in his current sentence in Case No. 87CR1604. Application at 5. Mr. Martin claims his classification as a sex offender is based on Case No. 81CR1471, in which he pled not guilty by reason of insanity for a sex offense and was placed in the Colorado State Hospital for five years and released unconditionally in 1986. *Id.* at 5-6.

      Mr. Martin previously challenged his sex offender classification in *Martin v. Smelser, et al.*, No. 07-cv-00701-ZLW (D. Colo. June 27, 2007). There, the court construed the action as brought under 28 U.S.C. § 2241, directed Mr. Martin to file his

---

[1] D. Martin, Register, # 61336, is listed on the Colorado Department of Corrections Website as Daryl Martin. Mr. Martin also has filed previous cases in this Court, in which he listed his name as "Darryl."

claims on a form used in filing § 2241 action, and dismissed the action for failure to exhaust state court remedies.

The Court must construe this Application liberally because Mr. Martin is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Martin will be ordered to file an amended pleading.

The Court has reviewed the Application and finds that it is deficient.  The claims Mr. Martin raises must be asserted pursuant to 28 U.S.C. § 2241 because he is challenging the execution of his sentence and not the validity of a state conviction and sentence.  Mr. Martin, therefore, will be directed to file an amended pleading on the Court-approved form used in actions filed pursuant to § 2241 and state his claims in a simple and concise manner pursuant to Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, it is

ORDERED that the action is construed as filed pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Martin file an amended pleading on a Court-approved form that is used in filing 28 U.S.C. § 2241 actions.  It is

FURTHER ORDERED that Mr. Martin shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Martin fails within the time allowed to file an

2

Amended Application as directed the Court may dismiss the action without further notice.

DATED March 26, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge